# IN THE COURT OF APPEALS OF IOWA

No. 14-0257
Filed March 25, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RICHARD OSMOND MCLACHLAN JR.,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Rebecca Goodgame Ebinger, Judge.

A defendant who committed his drug offense as a juvenile challenges the constitutionality of the one-third minimum sentence provided in Iowa Code section 124.413. **SENTENCE VACATED AND CASE REMANDED.**

William Bushell of Bushell Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kyle Hanson, Assistant Attorney General, John P. Sarcone, County Attorney, and Mark Taylor, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**TABOR, J.**

The question on appeal is whether the prohibition on statutorily mandated minimum sentences for juveniles under article I, section 17 of the Iowa Constitution announced by our supreme court in *State v. Lyle*, 854 N.W.2d 378 (Iowa 2014), applies to the minimum one-third period of confinement before parole eligibility in Iowa Code section 124.413 (2013), where the sentencing court had discretion to defer judgment or suspend the sentence. Richard McLachlan received the mandatory minimum term for a felony drug offense he committed at the age of seventeen and now argues his sentence is unconstitutional. Reading the broad holding of *Lyle*, we agree and remand his case for resentencing.

Although McLachlan raises a purely legal issue, we nevertheless set the stage with a brief factual and procedural history. In February 2011, the State filed a delinquency petition alleging McLachlan committed possession of more than five grams of crack cocaine, conspiracy to deliver the drug, and a tax stamp violation. In July 2011, McLachlan entered an *Alford* plea[1] to possession of crack cocaine with intent to deliver, in violation of Iowa Code section 124.401(1)(c)(3), a class "C" felony, and received a deferred judgment under Iowa Code section 907.3(1)(a).

McLachlan violated the terms of his probation, and the district court imposed judgment and sentenced McLachlan to a term of incarceration not to exceed ten years as provided by Iowa Code section 902.9(1)(d). Because the

---

[1] An *Alford* plea allows a defendant to consent to the imposition of a sentence without admitting participation in the crime. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

court did not afford McLachlan the right of allocution before imposing sentence, we remanded for resentencing. *State v. McLachlan*, No. 12-2040, 2013 WL 5498059, at *3-4 (Iowa Ct. App. Oct. 2, 2013).

Resentencing occurred on February 4, 2014. At the resentencing hearing, McLachlan's counsel discussed the scientific studies showing "the brain doesn't fully develop until later in life." Counsel told the court: "the epiphany can happen in a moment," and argued his client was "on the road to rehabilitation." McLachlan gave an allocution, outlining the progress he had made while in prison and asking for concurrent terms.

The district court again imposed an indeterminate ten-year sentence for the violation of section 124.401(1)(c)(3). The court ran the sentence consecutive to another indeterminate ten-year sentence McLachlan already was serving for possession of marijuana with intent to deliver in FECR258620. The district court found mitigating circumstances did not exist and required McLachlan to serve a mandatory one-third of his sentence before being eligible for parole as required by Iowa Code section 124.413.

McLachlan now challenges his mandatory minimum term as cruel and unusual under article I, section 17 of the Iowa Constitution. Although challenges to illegal sentences are ordinarily reviewed for correction of legal errors, we review an allegedly unconstitutional sentence de novo. *Lyle*, 854 N.W.2d at 382.

On appeal, McLachlan contends the sentencing court "applied a statutory mandated sentencing scheme to a juvenile without considering or having the chance to consider the mitigating factors inherently associated with youth." He

cites language from *Lyle* declaring "all mandatory minimum sentences of imprisonment for youthful offenders are unconstitutional." *See id.* at 400.

The State argues "McLachlan was not subjected to a mandatory minimum sentence" and outlines how McLachlan's sentence differed from the punishment considered in *Lyle*. Lyle was convicted of robbery in the second degree, a forcible felony, and faced a mandatory prison term not to exceed ten years of which he was required to serve seventy percent. *Id.* at 381 (citing Iowa Code sections 711.3, 902.9(4), and 902.12(5)). By contrast, McLachlan's conviction under section 124.401(1)(c)(3) could be deferred and the indeterminate ten-year sentence could be suspended under section 907.3. In fact, as the State emphasizes, McLachlan initially received a deferred judgment in this case. The State also contends the district court had discretion under Iowa Code section 901.10 to reduce McLachlan's sentence for his first offense under section 124.413 if it found mitigating circumstances.

It is true, as the State suggests, that the sentencing scheme under section 124.413 is not as rigid as that imposed for forcible felonies under section 902.12. But *Lyle* did not limit its reach to section 902.12 cases. The *Lyle* majority ultimately held "a mandatory minimum sentencing schema, *like the one contained in section 902.12*, violates article I, section 17 of the Iowa Constitution when applied in cases involving conduct committed by youthful offenders." *Id.* at 402 (emphasis added). The majority did not restrict its rationale to the sentencing scheme in section 902.12. *See id.* Instead, the majority indicted all "mandatory minimum sentencing," as exhibited by this passage: "Mandatory

minimum sentencing results in cruel and unusual punishment due to the differences between children and adults. This rationale applies to all crimes, and no principled basis exists to cabin the protection only for the most serious crimes." *Id.* The *Lyle* majority further reasoned that categorically denying courts discretion to craft a punishment that serves the best interest of a child and society was "repugnant to article I, section 17" regardless of the overall length of the sentence. *Id.* at 402–03.

The mandatory-minimum term required by section 124.413 only comes into play after a sentencing court has exercised its discretion to incarcerate an offender. Under section 902.12, a court has no discretion to defer judgment or suspend a sentence. Iowa Code § 907.3. But this distinction is not sufficient to overcome the *Lyle* majority's strong objection to the legislature's categorical diminishing of the role of sentencing judges in considering the mitigating factors associated with youth.[2] Despite a sentencing court's threshold discretion to defer judgment or suspend a juvenile's sentence for a felony drug crime, once the sentencing court orders a juvenile to serve a prison term, section 124.413's mandatory minimum one-third period of confinement is *like the one contained in section 902.12*. *See Lyle*, 854 N.W.2d at 402.

---

[2] Sentencing courts must consider several factors, including (1) "chronological age" and features of youth, including "immaturity, impetuosity, and failure to appreciate risks and consequences"; (2) the "family and home environment" that surrounded the youth; (3) "the circumstances of the . . . offense, including the extent of [the youth's] participation in the conduct and the way familial and peer pressures may have affected [the youth]"; (4) the "incompetencies associated with youth—for example, [the youth's] inability to deal with police officers or prosecutors (including on a plea agreement) or [the youth's] incapacity to assist [the youth's] own attorneys"; and (5) "the possibility of rehabilitation." *State v. Ragland*, 836 N.W.2d 107, 115 n.6 (Iowa 2013); *Lyle*, 854 N.W.2d at 404 n.10.

Further, the discretion accorded sentencing courts by section 901.10 to reduce the mandatory minimum sentence for a first time offender under section 124.413 if the courts identify mitigating circumstances, lacks specific focus on the above-noted factors peculiar to juveniles. In *Lyle*, the supreme court was not swayed by the legislature's passage of section 901.5(14) which vested "considerable discretion in district courts to depart from any part of a sentence, including any mandatory minimum." *Id.* at 403 & n.8. The *Lyle* court stated: "the mere theoretical availability of unguided sentencing discretion, no matter how explicitly codified, is not a panacea." *Id.*

Following that reasoning, we cannot conclude the discretion available to the sentencing court in McLachlan's case changed the bottom line that the mandatory minimum one-third sentence provided in section 124.413 violated article I, section 17 of the Iowa Constitution because he was a juvenile when he committed his crime. The sentencing court was deprived of its opportunity "to consider youth and its attendant circumstances as a mitigating factor and to impose a lighter punishment by eliminating the minimum period of incarceration without parole." *Id.* at 404.

Because the district court did not consider the factors identified in *Lyle*, at 404 n.10, we vacate McLachlan's sentence on the felony drug offense and remand the case to the district court for resentencing.

**SENTENCE VACATED AND CASE REMANDED.**